```
               IN THE UNITED STATES DISTRICT COURT

                  FOR THE DISTRICT OF MONTANA

                      GREAT FALLS DIVISION
                _____

BRETT M. SCHMASOW,           )
                             )
          Plaintiff,         )    CV-09-65-GF-SEH-RKS
                             )
     vs.                     )
                             )    FINDINGS AND
MICHAEL J. ASTRUE,           )    RECOMMENDATIONS OF
COMMISSIONER OF SOCIAL       )    MAGISTRATE JUDGE
SECURITY,                    )
                             )
          Defendant.         )
                _____
```

Plaintiff, Mr. Brett M. Schmasow ("Mr. Schmasow"), instituted this action to obtain judicial review of the decision of Defendant, Commissioner of Social Security ("Commissioner"), that Mr. Schmasow's disability under Title XVI of the Social Security Act (Supplemental Security Income (SSI)), 42 U.S.C. 1381-1383c, ceased on February 26, 2008.

Jurisdiction vests with this Court pursuant to 42 U.S.C. § 405(g). The case was referred to the undersigned to issue Findings and Recommendations by order of the Honorable Sam E. Haddon. (C.D. 7.) Venue is proper.

Now pending are the parties' cross motions for summary judgment. (C.D. 11 & 14.) The motions are considered fully briefed and submitted.

## I.   PROCEDURAL BACKGROUND

Mr. Schmasow was awarded benefits from September 11, 2006 through February 25, 2008 as of February 26, 2008, the Commissioner determined that Mr. Schmasow had experienced sufficient medical improvement that he was no longer disabled. Tr. 16-17. Benefits thus ceased on February 26, 2008. Id. at 5.

The procedural background is unusual in this matter. The procedural background helps understand the decision. The same hearing decided both Mr. Schmasow's initial disability and also his subsequent, predicted, improvement. Mr. Schmasow filed for DIB on September 1, 2006, alleging a disability onset date of

October 1, 2005.  Tr. at 110-112.  His claim was denied on review on March 30, 2007, Id. at 86-88, Mr. Schmasow timely requested a hearing on June 12, 2007.  Id. at 95-97.  The hearing was held July 29, 2008.  Id. at 23-57.

The Administrative Law Judge's ("ALJ") decision was issued on September 18, 2008.  Id. at 6-21.  Mr. Schmasow was found disabled from September 11, 2006 through February 25, 2008.  Id.at 16.

The ALJ found that despite a period of disability as of February 25, 2008, Mr. Schmasow's medical condition had improved enough that his disability ended.  Tr. 20.  The Appeals Council denied review on July 10, 2009, Id.at 1-3, making the ALJ's September 18, 2008 findings the Commissioner's final decision for purposes of judicial review.  20 C.F.R. § 416.1481.

## II. STANDARD OF REVIEW

Review in this case is limited. The Court may set aside the Commissioner's decision only where the decision is not supported by substantial evidence or

where the decision is based on legal error. Maounis v. Heckler, 738 F.2d 1032, 1034 (9th Cir. 1984) (citing Delgado v. Heckler, 722 F.2d 570, 572 (9th Cir. 1983)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). Substantial evidence has also been described as "more than a mere scintilla" but "less than a preponderance." Desrosiers v. Sec. of Health and Human Servs., 846 F.2d 573, 576 (9th Cir. 1988).

The District Court must consider the record as a whole, weighing both the evidence that supports and detracts from the Commissioner's conclusion. Green v. Heckler, 803 F.2d 528, 530 (9th Cir. 1986) (citing Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985)). While this Court may not substitute its findings for those of the Commissioner, Palmer v. Celebrezza, 334 F.2d 306, 308 (3rd Cir. 1964), it may reject the findings not supported by the record.

**III.     BURDEN OF PROOF**

Entitlement to Social Security benefits is subject to review. 20 C.F.R. § 416.994(a). Here that review occurred in the same hearing that considered Mr. Schmasow's initial disability. The Social Security Act permits termination of benefits only upon a showing by substantial evidence that:

> (A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and
>
> (B) the individual is now able to engage in substantial gainful activity.

42 U.S.C. § 423(f)(1). Disability ends when it is shown that medical improvement related to the ability to work has occurred, and the claimant is currently able to engage in substantial gainful activity. 20 C.F.R. § 416.994(b).

Medical improvement means any decrease in the medical severity of a claimant's impairments which were present at the time of the most recent favorable decision, ie. the most recent finding of disability. 20 C.F.R. § 416.994(b)(1)(i). If the most recent

favorable decision was based on the claimant meeting or equaling a listed impairment, and medical improvement has occurred to the point where the claimant's impairments no longer meet or equal a listed impairment, that medical improvement must have a bearing on the claimant's ability to work.  20 C.F.R. § 416.994(B)(2)(iv)(A).  Before finding that disability has ended, the Commissioner must also find the claimant can engage in substantial gainful activity.  Id.

To determine if a claimant's disability continues, the ALJ follows a seven step procedure.  20 C.F.R. § 416.994.  First, the ALJ must determine whether the claimant has an impairment or combination of impairments that meets or equals a listed impairment.  20 C.F.R. §§ 416.920(d), 416.925, 416.926.  If so, the claimant's disability continues.  20 C.F.R. § 416.994(b)(5)(I).

Second, the ALJ must determine whether medical improvement occurred.  Id.  If so, the analysis proceeds to step three.  If not, the analysis proceeds

to step four.  At step three, the ALJ must determine if the medical improvement relates to the ability to perform work.  20 C.F.R. § 416.994(b)(5)(iii).  If so, the analysis skips step four and proceeds to step five.

At step four, the ALJ must determine if an exception to medical improvement applies.  20 C.F.R. § 416.994(b)(5)(iv).  If an exception from the first group applies, the analysis proceeds to step five.  If an exception in the second group applies, the claimant's disability ends.  If no exception applies, the claimant's disability continues.  See 20 C.F.R. §§ 416.994(b)(3) and (4).

At step five, the ALJ must determine whether all the claimant's current impairments in combination are severe.  20 C.F.R. § 416.994(b)(5)(v).  If they do not significantly limit the claimant's ability to work, the claimant's disability ceases.  If they do significantly limit the claimant's ability to work, the analysis proceeds to step six.

At step six, the ALJ must assess the claimant's

residual functional capacity ("RFC") based on the current impairments and determine if the claimant can perform past work.  20 C.F.R. § 416.994(b)(5)(vi).  If the claimant can perform past work, disability has ended.  If not, the analysis proceeds to step seven.

At the seventh and final step, the ALJ must determine if other work exists in the national economy that the claimant can perform given his RFC and considering his age, education, and past work experience.  20 C.F.R. § 416.994(B)(5)(vii).  If such work exists, the claimant is no longer disabled.  If such work does not exist, the claimant's disability continues.

**IV.  DISCUSSION**

The ALJ found Mr. Schmasow's disability ceased on February 26, 2008 because his impairments no longer met or equaled a listed impairment, medical improvement occurred which was related to the ability to work, and he could perform substantial gainful activity.  Tr. at 16-20.

Mr. Schmasow does not allege error at step one of

the evaluation process above. Mr. Schmasow argues the ALJ erred when he 1) ignored evidence from the treating physician, 2) failed to set forth a medical basis for the finding of any improvement or that it related to Mr. Schmasow's ability to work and 3) ignored the uncontroverted evidence of no medical improvement. Pltf.'s br. at 4.

To understand the ALJ's decisions here it is necessary to recall the context in which that decisions were made. The ALJ handed down his decision on September 18, 2008 after a video hearing, which had occurred on July 29, 2008. The ALJ's September 18, 2008 "Decision" was really two separate decisions affecting Mr. Schmasow.

First, the ALJ followed the required five-step sequential analysis to determine that Mr. Schmasow had been disabled between September 11, 2006 and February 25, 2008. Mr. Schmasow does not object to this determination. That determination is important nonetheless because it shows the ALJ understood the extent to which Mr. Schmasow was disabled, why and

how. The ALJ's second decision, that a change occurred, was made after the same hearing and is supported by the ALJ's understanding of the causes and extent of Mr. Schmasow's disability and its progress.

Second, the ALJ, at the same time, considered whether the facts that led him to believe Mr. Schmasow had been disabled in 2006 had changed by 2008. Mr. Schmasow concedes that the ALJ followed the appropriate 7-step process but agues that the ALJ got it wrong as summarized above when the ALJ found medical improvement after February 25, 2008 that alleviated Mr. Schmasow's disability.

The ALJ did cite a medical note from treating physician Hynde as noting improvements in the memory defects and balance problems which had rendered Mr. Schmasow disabled for a time. Compare Tr. 16-18 with Tr. 14-15. However, in arguing that the ALJ ignored the treating physician, Mr. Schmasow himself ignores the totality of Dr. Hynde's opinions. The ALJ had noted that Dr. Hynde had opined as early as December, 2006 (and later repeated) that Mr. Schmasow would

likely be able to re-enter the workplace in a year or two. Tr. 14. The ALJ was careful to separate opinions and records documenting Mr. Schmasow's condition before February, 2008 from those after. After reviewing the entire history and progress of Mr. Schmasow's condition, the ALJ found that Mr. Schmasow improved as Dr. Hynde had predicted. Given the record the ALJ had before him, it cannot be said that he lacked substantial evidence to make that decision even given the presumption of continued disability. <u>Murray v. Heckler</u>, 722 F.2d 499, 500 (9th Cir. 1983).

### V. CONCLUSION

Therefore, **IT IS HEREBY RECOMMENDED** that:

1. Mr. Schmasow 's Motion for Summary Judgment (C.D. 11) should be **DENIED.**

2. the Commissioner's Motion for Summary Judgment (C.D. 14) should be **GRANTED.**

### VI. NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may

serve and file written objections to these Findings and Recommendations within fourteen (14)days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

    DATED this 11th day of January, 2010.

                                                     /s/*Keith Strong*
                                                   Keith Strong
                                                   United States Magistrate Judge